BEN F. WALLACE v. THE HERMAN BODY COMPANY, a Corporation, Appellant.—163 S. W. (2d) 923.

Division Two, July 28, 1942.

1094

*Clem F. Storckman* and *Walker & Hooker* for respondent.

██ WESTHUES, C.—Respondent, Ben F. Wallace, brought this suit wherein he sought to recover $15,000.00 damages for personal injuries suffered by him as the result of an accident to a tractor and trailer he was driving. A trial resulted in a verdict for the defendant. The trial court sustained plaintiff's motion for a new trial and the defendant appealed.

██ ██ The motion for new trial was sustained on the ground that the instructions given at defendant's request, when taken together, over-emphasized the burden of proof resting upon the plaintiff. Appellant insists that even if the instructions were subject to the criticism leveled against them, the action of the trial court in granting plaintiff a new trial must be reversed because plaintiff failed to make a submissible case for a jury. If appellant is correct in this contention then of course a new trial should not have been granted. [United Const. Co. v. City of St. Louis, 334 Mo. 1006, 69 S. W. (2d) 639, 1. c. 641 (1).]

Plaintiff was employed by the Service Lines, Incorporated, Nashville, Tennessee. That company was engaged in hauling freight by trucks. Plaintiff, at the time he was injured, was driving a truck loaded with merchandise of Loose-Wiles & Company of St. Louis, Missouri, destined for Nashville, Tennessee. The Service Lines used tractor trucks manufactured by International Harvester Company, and trailers manufactured by appellant, Herman Body Company of St. Louis. In the month of September or October, 1936, the Service Lines purchased a new tractor and took it to the defendant company to have a new trailer mounted or attached thereto. This tractor and trailer constituted the unit plaintiff was driving at the time of the accident. The trailer was attached to the tractor by means of a fifth wheel which was furnished by the appellant company. Liability in this case was based upon the theory that the fifth wheel was defective in that it was fastened or held in position by means of four, one-half inch bolts; that these were not sufficient and due to this defect the bolts sheared, permitting the trailer to come loose, run up on the cab of the tractor and injure plaintiff. The accident occurred on February 13, 1937. The unit had traveled about forty thousand miles during the four months it had been in use hauling freight between St. Louis and Nashville.

██ A brief review of plaintiff's evidence will demonstrate that a submissible case was made for a jury. In considering the question we must take plaintiff's evidence as true. Plaintiff testified that as he approached Buffalo, Kentucky, there was a curve to the right and a small incline in the road; that just beyond the incline a side road with a downward grade connected with the main highway upon which he was traveling; and that about twenty feet beyond the side road was a small concrete bridge. Plaintiff testified that a car was driven from the side road immediately in front of his truck on the main

highway; that to avoid striking this car he made a sudden application of the brakes, and immediately after doing so the trailer broke loose from the tractor, struck the cab and knocked him to the floor causing him to lose control of the tractor; that the trailer then slipped off the tractor and turned to the left side of the highway; that the tractor continued down the grade until it struck the left side of the concrete bridge. Plaintiff was severely injured. Two drivers of similar units for the Service Lines were following only a short distance behind plaintiff and they released him from the wreckage. Plaintiff, as well as other witnesses, including the man who pulled the wrecked unit to Nashville, testified that the bolts holding the fifth wheel were sheared. Plaintiff testified that these bolts sheared immediately after he applied the brakes and that the trailer left the tractor before the latter struck the bridge. A number of witnesses, whose qualifications upon the subject were not questioned, testified that four, one-half inch bolts were not considered of sufficient strength to properly hold the fifth wheel; that it was customary to use U-bolts which clamped around the fifth wheel and held it in place in addition to the one-half inch bolts; that if no U-bolts were used the bolts should be larger than one-half inch. A witness also testified that some of the Herman fifth wheels were fastened with U-bolts. Plaintiff testified that the brakes had properly functiond up to the time of the accident. Edward Toenjes testified that he personally took a new International Harvester tractor to the defendant plant in September or October, 1936, and ordered a new trailer to be placed thereon. This witness also testified that the defendant company did place a new trailer body and a fifth wheel on that truck; that the fifth wheel in question was marked Herman. There was also evidence that a tractor and trailer only four months' old and having traveled only forty thousand miles were considered practically a new unit. Appellant in its argument stated:

"It is uncontradicted that the brakes function first on the trailer and then on the tractor."

That may be the proper way in which they should operate but two witnesses testified to the contrary. One witness speaking of the brakes stated:

"They have a sychronizing valve on the tractor. You let your tractor brakes be half on before they come on on the trailer, to keep them from skidding."

Another witness stated in answer to a question on this point:

"They are set to take a hold on the tractor first and then the others take a hold."

If that be the case then of course when plaintiff made a sudden application of the brakes a strain was created on the fifth wheel. Appellant also argues that the bolts might have sheared when the trailer struck the bridge. That may be a fact, but plaintiff's evidence was

that the trailer left the tractor and turned over before reaching the bridge. Appellant cites the case of Tayer v. York Ice Machinery Corp., 342 Mo. 912, 119 S. W. (2d) 240, which was a case based on the res ipsa loquitur doctrine. It is urged that the case before us is similar to the Tayer case and that in that opinion we said in substance that the evidence remained too much in a beclouded realm of conjecture and surmise to warrant indulgence of negligence on part of the manufacturer of the boiler. The present case, however, is not based on the res ipsa loquitur doctrine. Here plaintiff proved that the defendant furnished the fifth wheel and trailer and placed the trailer on the tractor; that the trailer broke loose because the bolts holding the fifth wheel sheared; that the fifth wheel was defective because only four, one-half inch bolts were used to fasten the trailer to the tractor. So there is direct evidence upon every point relied upon for a recovery. The Tayer case, therefore, is not authority. Likewise do we deem the case of Turner v. Missouri-Kansas-Texas R. Co., 346 Mo. 28, 142 S. W. (2d) 455, not in point. That too was a res ipsa loquitur case. In the present case it is not necessary to guess or speculate to find the issues in favor of plaintiff because plaintiff produced evidence to prove all the elements necessary to create liability. So we hold that plaintiff's evidence was sufficient to sustain a verdict in his favor had the jury found for him. [Restatement of The Law of Torts, page 1079, sec. 396, page 1086, sec. 400; McLeod v. Linde Air Products Co., 318 Mo. 397, 1 S. W. (2d) 122, l. c. 126 (2-4).]

A trial court has some discretion in granting a new trial on the ground that the instructions over-emphasized the burden of proof. We have examined these instructions in this case and have concluded that the court did not abuse this discretion. Defendant offered and the court gave a number of instructions on this question. One reads as follows:

" 'The Court instructs the jury that the burden of proof is not upon the defendant to show that it is not liable for the negligence charged, but the burden is upon the plaintiff to prove that the defendant is liable for such negligence, and this rule as to the burden of proof is binding in law and must govern you in deciding this case. You have no right to disregard said rule or to adopt any other in lieu thereof, but in considering the evidence and coming to a verdict you should adhere strictly to this rule.' "

We will not attempt to venture upon an analysis of the instruction or to summarize what was in the mind of the author when he prepared it. It is certainly a lecture to the jury. The burden is upon plaintiff to establish, by a preponderance of the evidence, negligence on part of the defendant and also that such negligence caused the injuries for which plaintiff is seeking damages. When a plaintiff has met that burden liability follows as a matter of law. The court in this case had by other instructions specifically and also generally in-

formed the jury that the burden of proof was upon plaintiff to prove by a preponderance of the evidence the negligence charged and that such negligence was the proximate cause of plaintiff's injuries. That certainly was sufficient. The trial court was therefore justified in granting plaintiff a new trial. That order is affirmed and the cause remanded. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.