258 S.W.2d 681 (1953)
WARREN
v.
KANSAS CITY.
No. 43098.
Supreme Court of Missouri, Division No. 2.
June 8, 1953.
*682 David M. Proctor, City Counselor, John J. Cosgrove, Associate City Counselor and T. James Conway, Asst. City Counselor, Kansas City, for appellant.
John L. Sheridan, Donald E. Raymond, Arthur C. Popham, and Sam Mandell, Kansas City, Popham Thompson, Popham, Mandell & Trusty, Kansas City, of counsel, for respondent.
BARRETT, Commissioner.
On August 17, 1949, Thomas R. Warren, Jr., then nine years of age, was riding his bicycle on the sidewalk on South Benton Street. As he crossed over a rather rough, cracked driveway comprising the sidewalk between the properties at 3818 and 3820 South Benton the bicycle began to wobble, and about ten feet farther on one of the wheels struck a section of the concrete sidewalk that was raised an inch and a half or two inches and he was thrown into the trunk of an elm tree in the parkway. To recover damages for his resulting personal injuries his mother, as next friend, instituted this action against the adjoining property owners and Kansas City. At the close of all the evidence the trial court directed a verdict in favor of the property owners. The court submitted the city's liability in negligently maintaining a sidewalk that was not reasonably safe and the jury returned a verdict in favor of the city. The trial court sustained the plaintiff's motion for a new trial, as to the city, upon the specified ground "that the court erred in giving to the jury instructions marked `A-B and C,' and each of them," and, in so doing, the trial court expressly "overruled (on) all other grounds assigned in said motion." Upon this appeal by the city it is insisted that the instructions were not prejudicially erroneous and that the trial court erred in granting a new trial upon the sole specification that they were. The plaintiff insists that the instructions were erroneous and in that connection urges that the granting of a new trial is the exercise of judicial discretion which *683 will be upheld unless abused or clearly erroneous.
As urged, when a trial court sustains a motion for a new trial an appellate court may be more liberal in upholding the court's action than it would in reversing a judgment on the same ground, Teague v. Plaza Express Co., 356 Mo. 1186, 1192, 205 S.W.2d 563, but it does not follow merely because of the trial judge's superior position to determine the effect of error that the granting of a new trial is always the exercise of judicial discretion which will be upheld in any event. Lukitsch v. St. Louis Public Service Co., 362 Mo. 1071, 246 S.W.2d 749. In all the cited cases in which this rule has been stated and applied the instructions were in fact erroneous, Hensley v. Dorr, Mo.Sup., 191 S.W.2d 663; Thompson v. St. Joseph Ry., Light, Heat & Power Co., 345 Mo. 31, 45, 131 S.W.2d 574, or a new trial was specifically granted upon some truly discretionary ground, as error in the admission of evidence, Tennison v. St. Louis-San Francisco Ry. Co., Mo.Sup., 228 S.W. 2d 718, or that the verdict was the result of passion or prejudice, Bailey v. Interstate Airmotive, 358 Mo. 1121, 219 S.W.2d 333, 340, 8 A.L.R.2d 710, or that abstract or cautionary instructions overemphasized an important issue such as the burden of proof, or were without application to the specific facts and therefore misleading and confusing. Morris v. E. I. Du Pont De Nemours & Co., 351 Mo. 479, 173 S.W.2d 39; Rea v. Feeback, Mo.Sup., 244 S.W.2d 1017; Wallace v. Herman Body Co., 349 Mo. 1093, 163 S.W.2d 923. If in point of fact an instruction is not erroneous as to a matter of law or it is not fairly demonstrable upon the record that the instruction was misleading or may have otherwise deprived the losing party of a fair trial the rule is inapplicable. Mendenhall v. Neyer, 347 Mo. 881, 894, 149 S.W.2d 366, 374; Took v. Wells, 331 Mo. 249, 53 S.W. 2d 389; Jarboe v. Kansas City Public Service Co., 359 Mo. 8, 220 S.W.2d 27. In this case the order granting a new trial did not specify a discretionary ground, Supreme Court Rule 1.10, it was sustained upon the sole ground that "the court erred in giving to the jury instructions marked `A-B and C" and that is not a sustaining of a motion for a new trial on a discretionary ground but a mere finding that the instructions were erroneous as a matter of law. Took v. Wells, supra; Mendenhall v. Neyer, supra; Cooper v. 804 Grand Bldg. Corp., Mo.Sup., 257 S.W.2d 649.
Instruction A was the defendant's instruction on the subject of contributory negligence. It hypothesized that if Tommy saw or should have seen the condition of the sidewalk and that it was dangerous to ride his bicycle over it and that in so riding over the sidewalk "he was guilty of negligence, and if you find that such negligence, if any, directly caused or directly contributed in any degree to his fall and injury, if so, then your verdict must be for the defendant Kansas City." The plaintiff urges that in employing the phrase "in any degree," the instruction is erroneous. It is urged, since Tommy was nine years of age at the time of the accident, that he was charged with exercising that degree of care for his own safety that a boy of his age, experience and capacity would exercise under similar circumstances and that instruction A, in omitting any reference to his age, requires him to exercise the care of an adult.
While instruction A was upon the subject of contributory negligence it did not in point of fact purport to set forth the degree of care to be exercised by Tommy. The first paragraph of the instruction told the jury that it was the city's duty to exercise ordinary care to keep its sidewalks in a reasonably safe condition for travel for those using them "who are themselves in the exercise of ordinary care for their own safety." The instruction then hypothesized the facts, which, if found by the jury, would constitute contributory negligence on Tommy's part. It is true that he was not chargeable with exercising the care of an adult, the "test of a minor's responsibility for conduct charged to have been negligent is the caution usually displayed by ordinary children of his age and capacity." Fry v. St. Louis Transit Co., 111 Mo.App. 324, 333, 85 S.W. 960, 962; annotation 174 A.L.R. 1080.
*684 And, in cases involving the conduct of minors, it is appropriate that instructions cover the subject of the care required of minors. Donoho v. Vulcan Iron Works, 75 Mo. 401; Schmitz v. St. Louis, I. M. & S. Ry. Co., 119 Mo. 256, 24 S.W. 472, 23 L.R.A. 250; Ruschenberg v. Southern Electric R. Co., 161 Mo. 70, 61 S.W. 626. Instruction A does not say that Tommy was chargeable with exercising the care of an adult, it simply charges persons using the sidewalk with exercising ordinary care and omits any reference to his age and capacity.
In addition, the plaintiff offered and the court gave three other instructions upon the subject of contributory negligence. Instruction 2 is as follows: "The court instructs the jury that the term contributory negligence or negligence as applied to plaintiff means failure to exercise such care as persons of his experience and capacity and his age at the time of his alleged fall would usually exercise under similar circumstances, and if you find that plaintiff at all times used such care as persons of his then age, experience and capacity would usually exercise under similar circumstances, then you cannot find that there was any contributory negligence on his part." Instruction three plainly placed upon the city the burden of proof as to contributory negligence. Instruction four again repeated the degree of care required of Tommy and told the jury that even though they believed that he "priorly knew of the condition of the sidewalk thereat and that it was cracked and broken and was in a dangerous, defective and not reasonably safe condition, if so, if the condition of said sidewalk thereat and the danger of using it was not so glaringly obvious and dangerous that no ordinary prudent person of the then age, experience and capacity of plaintiff would have attempted to pass over it thereat and use it, then you cannot find that plaintiff was contributorily negligent from the fact alone and of itself that plaintiff attempted to pass over it and use it, if so, at said time and place." And so in the plainest of language and as favorably to the plaintiff as it could possibly be stated, the care required of the plaintiff and contributory negligence in general were explicitly set forth and there could have been no misunderstanding on the part of the jury on this subject. When all the instructions are considered there was no error in instruction A's omitting reference to the care required of a minor. McCarthy v. Cass Avenue & F. G. Ry. Co., 92 Mo. 536, 4 S.W. 516; Muehlhausen v. St. Louis R. Co., 91 Mo. 332, 2 S. W. 315; Anderson v. Union Terminal R. Co., 161 Mo. 411, 61 S.W. 874; 65 C.J.S., Negligence, § 295(d), page 1251.
This instruction does not, as the plaintiff asserts, direct a verdict for the defendant upon a finding that the plaintiff "was guilty of negligence which in any degree directly caused or directly contributed to his fall and injury." The instruction says "that such negligence, if any, directly caused or directly contributed in any degree to his fall and injury." This distinction in phraseology and in the cases of Howard v. Scarritt Estate Co., 267 Mo. 398, 184 S.W. 1144; King v. Rieth, 341 Mo. 467, 108 S.W.2d 1; Cento v. Security Building Co., Mo.Sup., 99 S.W.2d 1 and Perkins v. Kansas City Southern Ry. Co., 329 Mo. 1190, 49 S.W.2d 103, has been pointed out heretofore in Roeslein v. Chicago & E. I. R. Co., Mo.Sup., 214 S.W. 2d 13 and State ex rel. Kansas City Public Service Co. v. Bland, 353 Mo. 1234, 187 S.W.2d 211. The use of this phrase has been criticized, Kunz v. Munzlinger, Mo. Sup., 242 S.W.2d 536, sometimes for reasons very difficult to follow understandably, but this or similar language has never been held to constitute prejudicial error unless it plainly misdirected the jury, for example, as by injecting the "comparative negligence" doctrine into a case. Howard v. Scarritt Estate Co., supra. There is no attempt here to demonstrate that the phrase employed conflicted with other instructions or that it prejudiced the plaintiff in any manner, the plaintiff's sole reliance is upon the criticism contained in the cases mentioned. As a matter of fact the phrase in this instruction is a technically correct statement of the law. Dove v. Atchison, T. & S. F. Ry. Co., 349 Mo. 798, 807, 163 S.W.2d 548, 552, 553. It would serve no *685 useful purpose to collect and distinguish all the cases in which this subject has been discussed. In the Dove case there was a jury verdict for the defendant and the trial court sustained the plaintiff's motion for a new trial. The plaintiff sought to sustain the trial court's action for the reason, among others, that the defendant's instructions on contributory negligence were prejudicially erroneous, particularly for the reason that one of them contained the phrase "`directly contributed in any degree to cause her fatal injury'". The court pointed to the fact, present also in this case, of the submission of this issue so favorably to the plaintiff, to the fact that the instructions could be read together and to the fact that the instruction was not technically incorrect and, despite the trial court's having granted a new trial, reversed the cause with directions to reinstate the verdict in favor of the defendant. The same factors are all present in this case and the giving of instruction A was not so prejudicially erroneous as to warrant the granting of a new trial. Roeslein v. Chicago & E. I. R. Co., supra; Dove v. Atchison, T. & S. F. Ry. Co., supra.
Instruction B told the jury that the city was not an insurer of the safety of its sidewalks or of the safety of persons using them but was only required to exercise ordinary care to keep its sidewalks in a reasonably safe condition for lawful use by those "who are themselves in the exercise of ordinary care." The instruction then told the jury that the mere fact of the plaintiff's injury at the time and place was not sufficient to prove negligence on the part of the city, and that the plaintiff must prove negligence as defined in other instructions. It is insisted by the plaintiff that this instruction was erroneous because the plaintiff was a boy and the instruction did not state the degree of care imposed upon him. What we have said in connection with instruction A disposes of this claim. It is also urged, since the instruction is cautionary and the giving of it discretionary, that the court had a right to and did exercise its discretion in granting a new trial. Again, the plaintiff does not attempt to demonstrate upon the record how or in what manner the instruction is either erroneous, harmful to the plaintiff or prejudicial. Cooper v. 804 Grand Building Corp., supra. Furthermore, while this court affirmed the order granting the plaintiff a new trial in Jones v. Kansas City, Mo.Sup., 243 S.W.2d 318, 322, an almost identical instruction was approved as a correct statement of the law. The court there said, "The giving or refusal of it was within the sound discretion of the trial court, but the giving of the instruction was not error." Likewise, instruction B was not erroneous, it is a correct statement of the law, and there was no reason in the giving of it for granting a new trial.
Instruction C is a conventional instruction upon the subject of the credibility of the witnesses and there is no objection to it except the last clause "and if you believe that any witness has wilfully sworn falsely to any material matter in controversy, you may consider that fact in determining the credibility of the rest of his or her testimony." It is first urged that there was no basis in fact for the giving of this instruction, and, in the second place it is urged, since the giving or refusal of the instruction was discretionary that the court could likewise exercise its discretion and grant a new trial because of the giving of the instruction. As to the first matter, it may be that this case was one in which this clause in a credibility of witnesses' instruction was not peculiarly necessary, but there was a conflict in certain of the evidence as to a very important issuethe height or depth of the raised section of the sidewalk. The plaintiff's first witness, a photographer, did not measure the depth of the cracked and broken places, but he said, "The dip on the south side of the driveway goes down between three or four inches over the normal level of the sidewalk. That is the outstanding thing there. And the break in the first block north of the sidewalk is on the east side of the walk. At the break, it's about one and one-half to two inches in depth." All of the defendant's witnesses testified that there was a little dip or bump in the cracked driveway and that the raised place in the sidewalk was not to exceed *686 one and one half inches at its greatest height. If such an instruction is appropriate, it is not an unwarranted comment on the evidence. Wendling v. Bowden, 252 Mo. 647, 694, 161 S.W. 774. It is not claimed that the instruction is a misstatement of the law, concededly it is a correct statement and when appropriate conventional in form. Hite v. St. Joseph & G. I. Ry. Co., Mo.Sup., 225 S.W. 916, 921.
As previously indicated, as to all these instructions, there is no demonstration that they were either erroneous or that they had prejudicial effect in any manner or that they materially affected the merits of the plaintiff's case or any essential issue involved upon the trial. Cooper v. 804 Grand Building Corp., supra; Jarboe v. Kansas City Public Service Co., 359 Mo., loc. cit. 16, 220 S.W.2d, loc. cit. 32; Took v. Wells, supra. The plaintiff had a most favorable submission of his case and of all the essential issues about which there could be the slightest doubt. Accordingly the judgment is reversed and the cause remanded with directions to reinstate the verdict and judgment in favor of the appellant city.
WESTHUES and BOHLING, CC., concur.
PER CURIAM.
The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.
All concur.