Mary McCORMACK, Respondent,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Appellant.

No. 47814.

Supreme Court of Missouri,

Division No. 1.

July 11, 1960.

Motion for Rehearing or to Transfer to Court en Banc Denied Sept. 12, 1960.

Harry L. Bell, St. Louis, for appellant.

Mark D. Eagleton, Eugene K. Buckley, St. Louis, for respondent.

COIL, Commissioner.

Mary McCormack sought $35,000 for personal injuries which she averred she had sustained while alighting from one of defendant's motorbuses. The jury returned a verdict for defendant which has appealed from the trial court's order granting plaintiff a new trial on the ground of error in having given defendant's instruction 5.

About 9:15 in the morning of April 4, 1957, Mrs. McCormack was a passenger on defendant's motorbus. As she was in the process of alighting and in the act of stepping from the bus floor down to a step at the open exit door, the bus, according to her, suddenly moved forward and she was thrown to the street. She submitted her case under a conventional res ipsa loquitur instruction.

█ The court gave this instruction 5: "The Court instructs the jury that you are not permitted to base a verdict entirely and exclusively on mere surmise, guess work and speculation; and if upon the whole evidence in the case, fairly considered, you are not able to make a finding that defendant was negligent without resorting to surmise, guess work and speculation, outside of and beyond the scope of the evidence, and the reasonable inferences deducible therefrom, then it is your duty to, and you must, return a verdict for the defendant." Defendant contends the trial court erred in granting a new trial on the specified ground that it erred in giving instruction 5 because that instruction was correct and proper.

In West v. St. Louis Public Service Co., Mo., 236 S.W.2d 308, 312, 313, this court considered an instruction, the second paragraph of which was, for practical purposes, identical with present instruction 5. It was there said that if, as plaintiff there contended and as present plaintiff contends "the instruction is reasonably susceptible of the meaning that the jury was not entitled to presume (infer) negligence from the *facts in evidence* or that the jury was not permitted to surmise or speculate upon the *facts in evidence* in the process of drawing reasonable inferences therefrom. * * * it would come within the condemnation of Harke v. Haase, supra [75 S.W.2d 1001], and Tabler v. Perry, 337 Mo. 154, 85 S.W. 2d 471, 479." The court concluded, however, that the instruction was not susceptible of the suggested meaning and held that it constituted "a correct statement of the

law, in abstract form * * *." This, apparently ineffectual, suggestion was appended in connection with that ruling: "We do not recommend the form of Instruction No. 5 or its use in any case which is based, in whole or in part, upon circumstantial evidence, but when this instruction is read and considered in conjunction with the other instructions given, we do not think that it could have been misunderstood by the jury or that it mislead or confused them." 236 S.W.2d 313.

In the West case, the trial court had overruled a motion for new trial, thus impliedly ruling that it had not erred in giving the instruction there considered, while in the present case, as noted, the trial court sustained plaintiff's motion for new trial on ground 3, which was, "The Court erred in giving and reading to the jury instruction No. 5 at the request of the defendant."

Since the time of the West opinion this court has on occasions repeated or referred to the language used there when we have considered surmise and speculation instructions. See Lukitsch v. St. Louis Public Service Co., 362 Mo. 1071, 246 S.W.2d 749, 755[7]; Grace v. St. Louis Public Service Co., Mo., 249 S.W.2d 409; Dill v. Dallas County Farmers' Exchange, Mo., 267 S.W. 2d 677, 680[1–3]; and Stephens v. St. Louis Public Service Co., Mo., 276 S.W.2d 138, 144[13, 14]. See also Price v. Schnitker, 361 Mo. 1179, 239 S.W.2d 296, 300 [7, 8]. In Blanford v. St. Louis Public Service Co., Mo., 266 S.W.2d 718, 723, we rejected respondent's contention that the trial court had properly granted a new trial because of error in having given an instruction identical with instruction 5 in the West case. It was there remarked that West v. St. Louis Public Service Co., supra, and Price v. Schnitker, supra, had approved the instruction, and it was pointed out that the instruction had been held not misleading or confusing in Small v. Wegner, Mo., 267 S.W.2d 26, 30[3], 50 A.L.R. 2d 170, a malpractice case.

Thus, while this court has continued to criticize instructions similar to present No.

5 and has repeated the admonition of the West case that such instructions are not recommended for use in cases in which there is circumstantial evidence, no judgment has been reversed because the trial court gave such an instruction.

Defendant contends that the West opinion and the subsequent cases which have repeated the admonition of that case should be construed to mean that this court has held that the instruction should not be given in res ipsa cases and that where, as here, the trial court has granted a new trial for error in having given the instruction, we should affirm.

We have re-examined the conclusion reached in the West case and, again, we are of the opinion that present instruction 5 is not as a matter of law erroneous. True, it is an abstract instruction which, while cautionary in nature, directs a verdict for the defendant; and also true is the fact that a more satisfactory form of expressing the information contained in the instruction could be developed and used. The fact remains, however, that the instruction's proposition is true, viz., that unless the jury is able to find defendant negligent without resorting to guesswork, surmise and speculation outside the scope of the evidence and the reasonable inferences deducible therefrom, plaintiff is not entitled to recover.

The significant portion of plaintiff's standard res ipsa instruction given in the present case, read in connection with the questioned portion of instruction 5, as one entire charge, is this: "then you are instructed that such facts, if you believe them to be the facts, are sufficient circumstantial evidence to warrant a finding by you that the defendant St. Louis Public Service Company failed to exercise the highest degree of care and was negligent, and you may so find, unless you find and believe from other facts and circumstances in evidence that the occurrence was not due to defendant's negligence, [but] if upon the whole evidence in the case, fairly considered, you are not able to make a finding

that defendant was negligent without resorting to surmise, guesswork and speculation, outside of and beyond the scope of the evidence, and the reasonable inferences deducible therefrom, then it is your duty to and you must, return a verdict for the defendant." As we see it, the fact that the jury may surmise and speculate, if necessary, in order to infer defendant's negligence from the circumstances of the occurrence has been made clear by the very language of plaintiff's verdict-directing instruction, wherein the court has directed that certain evidence is sufficient to warrant an inference that the defendant was negligent. It seems clear then that instruction 5 does not prohibit surmise and speculation and equally clear that plaintiff's contention that instruction 5 "so far as it prohibits surmise and speculation, saps the very vitality from the res ipsa loquitur doctrine, which by its nature permits a jury to surmise and to speculate in the process of drawing an inference of negligence from the fact of an unusual occurrence shown in evidence" is without merit.

Plaintiff also points out that present instruction 5 is punctuated differently than was instruction 5 in the West case. The West instruction read in part, "defendant was liable without resorting to surmise, guess work and speculation outside of and beyond the scope of the evidence," while present instruction 5 read that "defendant was negligent without resorting to surmise, guess work and speculation, outside of and beyond the scope of the evidence." In the present instruction, the phrase "outside of and beyond the scope of the evidence" is separated by a comma from the preceding phrase. Plaintiff contends that it is not possible to determine the meaning of the instruction so punctuated. We agree that defendant did not help the instruction by adding the comma, but we also believe that the instruction means the same, irrespective of the presence or absence of that comma.

In our view, the instruction is not as a matter of law erroneous and, therefore, unless it is reasonably demonstrable upon

the present record that the instruction was misleading or in some other way deprived plaintiff of a fair trial, the giving thereof did not constitute reversible error. No such demonstration is attempted and an examination of the record does not make it apparent that the instruction was prejudicial.

Plaintiff contends, however, that inasmuch as the trial court granted a new trial it exercised its discretion in ruling that instruction 5 was prejudicially erroneous, and that consequently our review is limited to whether the trial court abused its discretion. Plaintiff correctly contends that whether to give a cautionary instruction and whether a given cautionary instruction was in fact prejudicial are matters largely within the trial court's discretion. Boedeker v. Wright, Mo., 312 S.W.2d 829, 834 [5–7]. In the present case, however, the trial court did not indicate that it was granting a new trial on a discretionary ground in ruling that instruction 5 was prejudicially erroneous. On the contrary, the trial court by its new trial order reciting that it had erred "in giving and reading to the jury instruction No. 5" ruled that the instruction was as a matter of law erroneous. Cooper v. 804 Grand Bldg. Corp., Mo., 257 S.W.2d 649, 650, 654; Warren v. Kansas City, Mo., 258 S.W.2d 681, 683[1, 2]. Civil Rule 83.06(c) (formerly S.C. Rule 1.10) provides that if the trial court grants a new trial without specifying a discretionary ground, we should never presume that the new trial was granted on any discretionary ground.

The trial court's power "to grant a new trial is discretionary only as to questions of fact and matters affecting the determination of issues of fact. There is no discretion in the law of a case, nor can there be an exercise of sound discretion as to the law of a case." Cooper v. 804 Grand Bldg. Corp., supra, 257 S.W.2d 655 [7]. While "an appellate court may be more liberal in upholding the court's action than it would in reversing a judgment on the same ground," it does not follow that the granting of a new trial is always the exercise of a judicial discretion which will be upheld unless abused. Warren v. Kansas City, supra, 258 S.W.2d 683 [1, 2].

Thus, inasmuch as instruction 5 was not as a matter of law erroneous, and inasmuch as it has not been demonstrated upon the record in this case that the instruction was in fact misleading or otherwise deprived the plaintiff of a fair trial, we may not affirm the order of the trial court. Warren v. Kansas City, supra.

It follows that the order of the trial court granting plaintiff a new trial is set aside and the case is remanded with directions to reinstate defendant's verdict and judgment.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.