**Rosa SPALDING, Respondent-Plaintiff,**

v.

**Dr. Seymour MONAT, M. D.,
Appellant-Defendant.**

**No. 42812.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 16, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 21, 1981.

Joseph H. Mueller, St. Louis, for appellant-defendant.

Godfrey Padberg, Richard S. McConnell, Jr., St. Louis, for respondent-plaintiff.

WEIER, Judge.

Plaintiff Rosa Spalding filed suit against the defendant Dr. Seymour Monat for personal injuries which she alleged had occurred as the result of the negligence of the defendant during and subsequent to an operation performed upon plaintiff. The case was tried to a jury and the jury returned a verdict for the defendant. Subsequently, the trial court sustained plaintiff's motion for new trial. Defendant has appealed from this ruling contending that the grounds upon which the court sustained the motion were not discretionary and that since no error was committed the trial court did not have power to grant the new trial.

The motion for new trial contained three grounds. First, plaintiff alleged that the verdict was against the weight of the evidence, a purely discretionary ground. The court specified in its ruling that the new trial was granted because of the grounds contained in paragraphs two and three of the motion. The second ground was directed toward an unresponsive answer concerning Dr. Monat's qualifications. Because of their importance to this discussion, we set out the question and answer verbatim:

"Q  What hospitals are you on the staffs of in this area?

A  I currently practice at Jewish Hospital, and I'm also a member of Barnes Hospital staff, and I was one of the Directors and Chief of Service at Homer Phillips Hospital until said hospital was eliminated by Mayor Conway recently."

Plaintiff's complaint with respect to the latter part of the answer centers upon the unresponsive statement that the doctor was on the staff at Homer G. Phillips Hospital until the hospital was eliminated by Mayor Conway. The prejudice engendered by this remark according to plaintiff is that the defendant by this answer aligned himself with the black community in St. Louis and the court had a broad discretion to grant a new trial due to the misconduct of the witness in making this voluntary statement even in spite of the lack of objection when such statement was made. The statement referred to an action by the mayor which plaintiff contends was unpopular with members of the black community in St. Louis. None of this, however, appears in the record. There is nothing by which we are to assume that the St. Louis Mayor closed a hospital in the City of St. Louis and that this created a prejudice in the doctor's favor in the minds of the jury. It should first be pointed out that no objection was made to the unresponsive portion of the answer. The question was perfectly proper and the inquiry with regard to service of the defendant on hospital staffs was well within the normal qualifying factors to establish the skill and position of the physician in the medical profession. There is no reason why, if there had been an objection

made or a motion to strike the doctor's unresponsive answer, another question could not have been directed to him concerning his prior service at any hospital in the area and the answer to it would be proper along with showing the reason for his termination at the institution.

■ It is elementary that where a question is proper and the answer is not responsive but improper, a prompt motion to strike out is necessary or the error is waived. *Rubenstein v. New York Life Ins. Co.*, 153 S.W.2d 760, 763[6] (Mo.App.1941). It is the general rule that any later objection to evidence is waived when the objecting party does not take prompt action to obtain a ruling from the court. *Mound Rose Cornice & Sheet Metal Works, Inc. v. H. Kalicak Construction Company*, 454 S.W.2d 603, 605[1] (Mo.App.1970). Certainly such an objection is not timely presented when it is raised for the first time in a motion for new trial. *Freeman v. Kansas City Power & Light Company*, 502 S.W.2d 277, 283[12] (Mo.1973).

■ In answer to this, however, plaintiff states that the court ruled on the motion as to this matter properly because it was within its discretionary powers, even though no timely objection was lodged, because of witness misconduct. The general rule in this area gives the trial court discretionary power to grant a new trial only as to questions of fact and matters affecting the determination of issues of fact. There is no discretion when the question is a matter of law. *Highfill v. Brown*, 340 S.W.2d 656, 664[11] (Mo. banc 1960). *McCormack v. St. Louis Public Service Company*, 337 S.W.2d 918, 921[2] (Mo.1960). As stated in *Curtis v. Curtis*, 491 S.W.2d 29, 33[6–8] (Mo.App. 1973), "[t]he trial court's power to grant a new trial is discretionary only as to questions of fact and matters affecting the determination of the issues of fact. There is no discretion in the law of the case. And while an appellate court may be more liberal in upholding the court's action than it would in reversing a judgment on the same ground it does not follow that the granting

of a new trial is always the exercise of a judicial discretion which will be upheld unless abused."

The problem presented here is whether the evidence admitted, when there was no objection and no ruling by the court at the time that it was admitted, was contrary to law and prejudicial. As has previously been pointed out, the fact that the doctor had been a member of the staff at Homer G. Phillips Hospital was pertinent to his qualifications as a physician and surgeon. His official position at the hospital was also pertinent and the reason for him no longer being there was also a proper explanation. It was only in the interpretation of the effect of this voluntary statement upon the jurors because of some extraneous matter that is not found in the record of the case that the court decided to grant a new trial for the supposed effect that it had upon the jury's attitude in final determination of the case. If affidavits had been filed in support of the motion or testimony adduced at the time the motion was heard, or something else had appeared in the record which would in any way sustain the trial court in its action on the motion based on this ground, then it could be possible to sustain the court's action on a discretionary basis. As it is here presented, the court in sustaining the motion for new trial on this ground was passing on an issue of law, not a question of fact. This takes it out of the field of discretionary action by the court. An issue as to the erroneous admission of evidence is a matter to be decided according to the law of evidence. We have previously indicated that the evidence so adduced was relevant. Any error in the introduction of this evidence as a voluntary statement was further waived by failure to object. In such posture the evidence volunteered was legal and proper. And there can be no exercise of sound discretion when it comes to the law of a case. *State of Missouri ex rel. State Highway Commission v. Nickerson and Nickerson, Inc.,* 494 S.W.2d 344, 346[1] (Mo.1973).

The third ground of the motion for new trial and one of the two specified by the court in sustaining plaintiff's motion for new trial was directed to the prejudice that allegedly occurred when defendant introduced into evidence plaintiff's answer to a written interrogatory in which she had stated that subsequent to the alleged negligence of the defendant she had been employed as a receptionist at the Granite City Journal Newspaper for a forty-hour week and had been employed there since August 1977. The answers to interrogatories were signed under oath by the plaintiff on January 26, 1978. At the time the defendant Monat offered this information in the evidence, plaintiff objected on the basis it was an attempt to introduce evidence on a collateral issue and she had made no claim for loss of wages. Defendant urged the court to allow its introduction because plaintiff had testified she was not able to do a number of things and therefore the fact she had been employed for five months during this time contradicted her testimony about her physical condition and what she could do. The court overruled the objection made by plaintiff at trial and allowed the answer in evidence to show what she could or could not do. The judge commented at the time that this statement constituted an admission.

Reviewing the transcript we find the plaintiff had testified that starting in January or February of 1976, she was unable to control her bowels and suffered from periods of incontinency down through at least January of 1978. She saw a number of doctors with regard to infections and several fistulas that appeared in the vagina. Her social activities had been limited and her sex relations with her husband had deteriorated.

In an action for personal injuries, the health and physical condition of the injured person both prior and subsequent to the occurrence is material. In such a case "any competent evidence tending to prove or disprove the nature and extent of the injuries alleged to have been received is admissible." *Eickmann v. St. Louis Public Service Company,* 323 S.W.2d 802, 806[3] (Mo.1959); *Stoeppelman v. Hays-Fendler*

*Construction Company,* 437 S.W.2d 143, 151[18] (Mo.App.1968).

██ Here the introduction of the evidence was proper as an admission against interest and the court's ruling on the objection was legally correct. No one was deluded or misled. Without more shown in the record, any attempt by the trial court to grant a new trial on this ground would be contrary to the law of the case and hence a non-discretionary ruling. *State ex rel. State Highway Commission v. Nickerson and Nickerson, Inc., supra* at 346[1].

For the reasons heretofore given, the action of the trial court in granting a new trial for the grounds set forth in the motion for new trial is set aside and the verdict and judgment of the court in favor of the defendant is ordered reinstated.

GUNN, P. J., and REINHARD, J., concur.