COMMERCIAL UNION INSURANCE, Respondent,

v.

STEEL ERECTORS OF SPRINGFIELD, INC., Appellant.

No. 20216.

Missouri Court of Appeals, Southern District, Division One.

Jan. 9, 1996.

Steven E. Marsh, Hulston, Jones, Gammon & Marsh, Springfield, for appellant.

James L. Bowles, Ozark, for respondent.

MONTGOMERY, Presiding Judge.

Appellant Steel Erectors of Springfield, Inc., appeals from an order granting Respondent Commercial Union Insurance a new trial. We reverse and remand.

On June 10, 1993, Respondent commenced an action against Appellant. Respondent later filed an amended two-count petition alleging Appellant owed Respondent money for unpaid insurance premiums.

The court tried the cause, without a jury, on February 27, 1995. On April 4, 1995, the court wrote the following docket entry:

COURT ENTERS JUDGMENT IN THIS CASE, AS FOLLOWS: JUDGMENT ON COUNT I OF [RESPONDENT'S] AMENDED PETITION, JUDGMENT FOR [APPELLANT], AGAINST [RE-SPONDENT]. ON COUNT II OF [RE-SPONDENT'S] AMENDED PETITION, JUDGMENT FOR [RESPONDENT], AGAINST [APPELLANT], FOR $3763.00 PLUS INTEREST THEREON AT 9% PER ANNUM FROM MARCH 23, 1993, PLUS COSTS.

On April 19, 1995, Respondent filed a motion for new trial pursuant to Rule 78.[1] On April 27, 1995, the court made the following docket entry:

ATTORNEYS BOWLES AND SHAF-FER APPEAR ON [RESPONDENT'S] MOTION FOR NEW TRIAL OR IN THE ALTERNATIVE, [RESPONDENT'S] MOTION TO SET ASIDE JUDGMENT. MOTION TO SET ASIDE JUDGMENT SUSTAINED.[2] JUDGMENT EN-TERED 4-4-95 IS SET ASIDE, FOR GOOD CAUSE. CASE RESET FOR TRIAL 7-17-95 AT 1:00 PM.

On May 4, 1995, Appellant filed a motion for reconsideration of ruling on Respondent's motion for new trial. Alternatively, pursuant to Rule 78.03, Appellant moved the court to specify the grounds upon which the court granted a new trial. On May 4, 1995, the court denied Appellant's post-trial motions. Appellant seeks this Court's review of the trial court's order granting Respondent's motion for new trial.

Appellant claims (1) the trial court's order granting a new trial was insufficient to meet the specificity requirements of Rule 78.03 and (2) the order granting a new trial was not based on good cause in accordance with Rule 78.01 in that both Respondent's motion and the trial court's order fail to specify any good cause grounds to grant a new trial and the new trial could not be based on any discretionary grounds.

■ Rule 78.03 requires the trial court to "specify of record the ground or grounds on which said new trial is granted." Because the trial court failed to specify the grounds

---

1. Rule references are to Missouri Rules of Court (1995).

2. The record filed here consists only of the legal file which contains the pleadings and the docket sheet. We find no "Motion to Set Aside Judg-ment" in the pleadings, and the docket sheet only shows that Respondent filed a Motion for New Trial. Therefore, we treat the docket entry of April 27, 1995, as granting the relief Respondent requested under Rule 78.

for the new trial, the order is presumed to be erroneous. Rule 84.05(c);[3] *Cass Bank & Trust Co. v. Mestman,* 888 S.W.2d 400, 402 (Mo.App.1994). The burden of supporting the trial court's action is placed on the Respondent. *Id.*

 Respondent's efforts to support the new trial award are confined to the errors specified in its motion for new trial. *Mestman,* 888 S.W.2d at 402. Of those specified errors, we consider only errors Respondent raises in its brief. *C.M. v. K.M.,* 878 S.W.2d 55, 56 (Mo.App.1994).

Respondent has ignored its burden. Respondent's motion for new trial states in its entirety: "Comes now [Respondent] and herewith requests a new Trial pursuant to Rule 78. In support hereof, [Respondent] incorporates herein its Post Trial Suggestions." The legal file does not contain the post-trial suggestions, and Respondent's brief fails to mention them. In its brief Respondent misses the issue by only arguing that the trial court "timely and correctly vacated its judgment" under Rule 75.01.

The trial court's docket entry contradicts this argument as it shows the April 27, 1995, hearing was on Respondent's motion as opposed to the court acting on its own initiative. Furthermore, Respondent's argument is expressly contradicted by the trial court's April 3, 1995, letter to the parties which outlined the basis for the judgment entered the next day. The letter concluded by stating: "The Court will not, on its own motion, set aside the judgment." Thus, the record refutes any argument that the trial court set aside the judgment acting on its own motion under Rule 75.01.

This Court can affirm the trial court's action only if there was error prejudicial to the party moving for a new trial. *Havrilla v. Millers Mut. Ins. Ass'n of Illinois,* 724 S.W.2d 592, 593 (Mo.App.1986). Because the record shows that Respondent specified no error in its motion for new trial and argues no relevant error in its brief, Respondent has failed to carry its burden of establishing reversible error on the record.

Accordingly, we reverse and remand for reinstatement of the judgment.

GARRISON and BARNEY, JJ., concur.

---

**3.** Rule 84.05(c) provides as follows:

When a trial court grants a new trial without specifying of record the ground or grounds on which the new trial is granted, the presump-tion shall be that the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondent.