Mary GACHIOCH, Plaintiff-Appellant,

v.

William G. WITTMANN, Edna Wittmann, and A. A. B. Investment Corporation, a Corp., Defendants-Respondents.

No. 32153.

St. Louis Court of Appeals.

Missouri.

Oct. 18, 1966.

Donald S. Hilleary, Clayton, for plaintiff-appellant.

Charles R. Oldham, St. Louis, for defendants-respondents.

RUDDY, Judge.

This is an action on a promissory note, wherein plaintiff, Mary Gachioch was payee and William G. Wittmann and Edna Wittmann, defendants, were the makers of said note. It was admitted that the corporate defendant, A.A.B. Investment Company assumed the aforesaid note obligation in writing. The verdict was in favor of the plaintiff and against all defendants in the amount of $4939.94. The trial court sustained defendants' motion for new trial because of alleged error in the giving of plaintiff's instruction No. 1. Plaintiff's appeal followed. We shall refer to Mary Gachioch as plaintiff; to William G. and Edna Wittmann as defendants; and to the A.A.B. Investment Company as the corporate defendant.

On May 31, 1962, plaintiff sold a piece of real estate known as and numbered 4101–03 North Twentieth Street, St. Louis, Missouri to the defendants. A part of the consideration for the purchase of the property was a promissory note for $4000 dated May 31, 1962, executed by the defendants and payable to plaintiff. This note on its face indicated that it was secured by a deed of trust on the aforementioned property. The principal and interest of said note was to be paid in monthly instalments of $45.42 beginning the first day of July 1962, and a like amount on the same day of each succeeding month thereafter, until the note was fully paid. The note contained an acceleration clause in the event of failure to pay any of the monthly instalments when due. If the unpaid indebtedness due on the note was accelerated because of default the defendants agreed to pay all costs of collection, including a reasonable attorney's fee.

The issue in the case was whether or not the defendants had made the payment due on December 1, 1962, prior to the time they received notice from the plaintiff of acceleration of the balance due.

It is undisputed that the payment due July 1, 1962, was made by check dated July 13, 1962; the payment due August 1, 1962, was made by check dated August 9, 1962; the payment due September 1, 1962, was made by check dated August 27, 1962; the payment due October 1, 1962, was made by check dated October 19, 1962; and the pay-

ment due November 1, 1962, was made by check dated November 21, 1962. It is undisputed that all of these payments were made by check and were sent through the mail and were received by plaintiff and cashed by her. Plaintiff had agreed that the checks could be sent by mail.

Plaintiff testified that she did not receive a check for the payment due December 1, 1962. She consulted Harry Hilleary, an attorney, who was the brother of her trial attorney, about the second or third of January, 1963. Pursuant to the direction of the plaintiff the attorney wrote a letter to William G. Wittmann and mailed a carbon copy of the letter to defendant, Edna Wittmann on January 4, 1963. The letter declared the note in default and made a demand upon the defendants for payment in full of the principal amount of $3900 plus interest from December 1, 1962. Defendants admitted they received the letter on January 6, 1963. Harry Hilleary, attorney for the plaintiff, testified that about the middle of January, 1963, plaintiff came into his office and had in her possession two checks, one of the checks was dated December 11, 1962, and the other was dated January 5, 1963. The maker of these two checks was the corporate defendant. These two checks obviously were in payment of the instalments due December 1, 1962, and January 1, 1963. The two checks were returned to the defendants by the attorney, with a letter dated January 17, 1963. Plaintiff returned all checks received thereafter in payment of the monthly instalments.

Defendant, William G. Wittmann, testified that the checks dated December 11, 1962, and January 5, 1963, were mailed by him to the plaintiff on the day each was issued, which in both instances was prior to receiving, on January 6, 1963, the letter written by plaintiff's attorney accelerating the unpaid indebtedness on the note. This witness further testified that each month from February through September 1963, he mailed a check to plaintiff. He admitted that all of the checks were returned along with a letter from the attorney and that

none of these checks had been endorsed by the plaintiff or cashed by her. No more checks were sent by defendants because they had been informed by plaintiff's attorney to stop sending the checks. It was admitted by plaintiff that defendants at the time of the trial in November 1964, tendered the sum of $1090.08 to plaintiff and that said sum represented the instalment payments then due.

As we have pointed out heretofore the trial court sustained the motion for a new trial of the individual defendants and the corporate defendant because of an alleged error in giving instruction No. 1. Said instruction No. 1 is as follows:

"The Court instructs the jury that if you find from the evidence that on or about January 4, 1963 the plaintiff, by and through her attorney, mailed to defendants, William Wittman and Edna Wittman, *letters dated January 4, 1963* if you so find, and if you further find that the aforesaid letters were received by defendants, William Wittman and Edna Wittman, if you so find, and if you further find that said letters contained language therein which indicated to the defendants, William Wittman and Edna Wittman, that plaintiff declared her intention to treat the entire unpaid amount of principal due and payable, and if you further find that *prior to the time of the receipt of the aforesaid letters* by the defendants, William Wittman and Edna Wittman, the defendants had neither paid to the plaintiff the installment due on *December 1, 1962,* nor had they tendered to the plaintiff payment of the installment due December 1, *1963,* if you so find, then your verdict shall be in favor of the plaintiff and against the defendants." (Emphases ours).

The trial court sustained the motion for new trial of all of the defendants " * * * for error in date of 'December 1, 1963' contained in plaintiff's instruction #1."

As an aid in discussion of the contention urged by the individual defendants and the

corporate defendant that the instruction was misleading and confusing and constituted prejudicial error we set out instruction No. 3, submitted by all of the defendants, which reads as follows:

"The Court instructs the jury that if you find and believe from all the evidence that defendants made tender to plaintiff of the monthly installments of the note mentioned in the evidence for December, 1962 through November, 1964 in the amount of One Thousand Ninety and 08/100 Dollars ($1,090.08), and if you further find from all the evidence, that plaintiff authorized and assented to the defendants paying the monthly installments on said note by mail, and that defendants mailed the monthly payment for *December, 1962,* on said note to plaintiff *before the plaintiff declared the balance of said note due and payable,* then your verdict should be for the plaintiff in a sum not to exceed One Thousand Ninety and 08/100 Dollars ($1,090.08). * * *" (Emphases ours.)

As a further aid to our discussion we set out parts of the jury argument of both plaintiff and defendants' counsel. Plaintiff's counsel, inter alia, said:

"* * * Now, that instruction goes on further and says that 'if you further find that prior to the time of the receipt of the aforesaid letters by the defendants, William Wittman and Edna Wittman, the defendants'—had done neither of the two things—if they had done either of the two things, they are entitled to a verdict—the defendants had neither paid to the plaintiff the installment due on December 1, *1962,* nor had they tendered to the plaintiff payment of the installment due December 1, *1962*—if you find those facts—up to that point, no issue the letter was mailed, they received it on January 6th. The dispute arises whether they made payment or whether they had tendered payment to us prior to the time they received our letter." (Emphases ours).

* * * * * *

"* * * I believe, we are entitled—and we have accelerated; we have not been tendered the payment nor have we been paid *prior* to the time they received our letter."

In the closing argument of the defendants' counsel the following was said, inter alia:

"* * * Now, originally, this note was on the second deed of trust; it was for $4000.00; five payments were made on it, and, then, there is a question about the sixth payment. * * *"

Defendants' counsel further said in referring to instruction No. 3:

"* * * Then, the court tells you that if you find from the evidence that the defendant mailed the check, if you find from the evidence that he mailed the check to Mrs. Gachioch, the plaintiff, and that Mrs. Gachioch consented and agreed to him sending, and receiving these payments by mail, *and this check was mailed prior to the time they, through their attorney, declared the note in default,* then, plaintiff is entitled only to the amount of money we have offered, $1090.08. * * *" (Emphasis ours).

* * * * * *

"* * * Now, the crux in this case, the whole issue in this case is whether or not this particular check was mailed prior to January 5th or 6th of 1963. * * *"

* * * * * *

"I have tried to limit this case to the issues which are really before you. * * * whether or not a check was mailed in December * * *."

The date of the instalment due referred to in instruction No. 1 which reads "December 1, *1963*" is obviously a typographical error and that it is such an error becomes unmistakably clear when it is seen that the balance of the same instruction and instruction No. 3, when referring to the tender or payment of the same instalment due, gives

the date "of the instalment due" as December 1, 1962. The sole question for determination is whether this typographical error misled and confused the jury causing it to bring in a verdict for plaintiff under instruction No. 1 instead of a verdict as directed under instruction No. 3 submitted by all of the defendants.

In support of the court's action the individual defendants and the corporate defendant say that throughout the trial there was constant reference to dates other than December 1, 1963. They refer to the evidence that shows the tender of payment from January 1963 until September 1963. The answer to this is that we have examined the record in this case thoroughly and have failed to find a single reference to the date of December 1, 1963 by any witness or contained in any exhibit. These defendants contend that there were other errors in the instruction which would tend to confuse and mislead the jury. It was admitted by the defendants that they received on January 6, 1963 a letter dated January 4, 1963, accelerating the unpaid indebtedness due on the note and the only finding that had to be made by the jury was whether, prior to the time of the receipt of the letter by the defendants, they had either paid to the plaintiff the instalment due on December 1, 1962, or had tendered to the plaintiff payment of said instalment. If the jury found that defendants had neither paid it, nor had tendered the payment to the plaintiff, it was directed to find in favor of plaintiff and against the defendants under instruction No. 1. On the other hand, if the jury found under instruction No. 3 that the defendants made the tender to the plaintiff of the December 1, 1962 instalment and the others due at the time of the trial and that defendants mailed the monthly payment due December 1962, before they received the letter from the attorney for plaintiff accelerating the unpaid balance due, then the jury was directed to find their verdict in favor of the plaintiff in a sum not to exceed $1090.08. There was nothing about instruction No. 1 which would tend to confuse or mislead the jury, with the possible exception of the typographical error referred to.

It will be noted that the two dates in instruction No. 1, namely, December 1, 1962, and December 1, 1963, had reference to an instalment due "prior to the time of the receipt of" the letter dated January 4, 1963. Defendants admitted receiving this on January 6, 1963. This admission was a part of the evidence heard by the jury. Any reference in instruction No. 1 to an instalment due in December prior to January 6, 1963, had to mean December 1, 1962, and not December 1, 1963. We do not believe the jurors in this case, who are presumed to possess the intelligence required under the law, were misled and confused. They would have recognized that the date December 1, 1963 was merely a typographical error. This becomes more evident when we know that at no time or place in the evidence was the date December 1, 1963 mentioned. Instruction No. 3, submitted by all defendants, when referring to the same matter, namely, the date of the instalment due, shows December 1962, and requires the jury to find that the payment of this instalment, namely, December 1962, was mailed " * * * before the plaintiff declared the balance of said note due and payable, * * *." As we have pointed out several times the plaintiff declared the balance of the note due and payable on January 4, 1963 in a letter forwarded to the defendants which they acknowledge receiving on January 6, 1963.

The sole issue presented to the jury in the opening statements, throughout the evidence by all the parties, in the instructions, (with the exception of the typographical error referred to) and in the final arguments of counsel was whether the instalment due December 1, 1962, had either been paid or tendered to the plaintiff prior to the time defendants received (January 6, 1963) the letter of January 4, 1963, written by the attorney for the plaintiff accelerating the unpaid balance due on the note.

Plaintiff's counsel in his closing argument, when calling the jury's attention to the content of instruction No. 1, made it clear that the sole dispute submitted was whether payment was made or tendered of the instalment due December 1, 1962, prior to the time defendants received plaintiff's letter. Defendants' counsel in his argument to the jury, when referring to instruction No. 3 submitted by all of the defendants, told the jury that "the whole issue" was whether or not the check for the instalment due December 1, 1962, "* * * was mailed prior to January 5th or 6th of 1963." It is readily apparent to us, as it must have been to the jury, that the date in the instruction No. 1, "December 1, 1963," was intended to mean "December 1, 1962." We agree with plaintiff's contention that if the date of December 1, 1963 was actually intended it would be submitting a failure to tender an instalment not due for some eleven months after January 6, 1963. This obviously would be an illogical presentation.

A case somewhat similar to the instant case is that of J. W. Tipton Cotton Co. v. Clayton, 231 Mo.App. 247, 99 S.W.2d 549. In that case, in a verdict directing instruction, the trial court inadvertently used the date of June 12, 1934, instead of June 12, 1933. In holding this was not prejudicial error but was an apparent typographical error, the court said; (99 S.W.2d 1.c. 556)

"It is urged that the instruction was misleading because the date June 12, 1934, was used instead of June 12, 1933. This is apparently a typographical error, since the correct date June 12, 1933, appears immediately preceding the date 1934 in the instruction and there was no evidence as to the market in New York for June, 1934, but all the evidence as to the market quotation was for June 12, 1933. We think the jury could not have been misled by such mistake."

In the case of Wegener v. St. Louis County Transit Company, Mo., 357 S.W.2d 943, the trial jury returned a verdict for defendant and plaintiff appealed. The trial court refused to give plaintiff's instruction No. A submitting the humanitarian failure to warn or swerve. The Supreme Court of Missouri en banc, in finding that the court should have given the instruction, and in holding that when read as a whole it was not confusing or misleading or unintelligible, said:

"Defendant contends that there was no error in refusing Instruction No. A submitting humanitarian failure to warn or swerve because it was not properly drafted. * * * We think the misuse of the word 'west' was a mistake 'so evidently clerical as to permit no possibility of error on the part of the ordinary reader,' Trustees of Christian University v. Hoffman, 95 Mo.App. 488, 497, 69 S.W. 474, 476. As stated in respondent's brief 'All the evidence clearly showed that the motorbus was approaching from the *east*,' and in view of the unanimity of the witnesses on both sides with reference to the direction from which the bus was approaching, this clerical error could not possibly have misled the jury. Nor did the use of the word 'eminent,' instead of 'imminent,' justify the refusal of the instruction. The obvious misspelling of the word was an insubstantial and trivial imperfection. Absolute perfection in form is not the test. The test is whether the instruction is *substantially correct.* * * * While Instruction No. A may not have been 'technically perfect' in that it contained a patent typographical error and a word obviously misspelled, it was substantially correct in form and substance and for this Court to justify its refusal for such slight and inconsequential deviations would be to set the standard above that required in the practical administration of justice. * * *"

In the case of Edwards v. St. Louis Public Service Company, Mo., 365 S.W.2d 483, the court held that the inadvertent use of the word "right" for "left'" was a clerical or typographical error and could not have

been misleading or prejudicial because the evidence was uncontroverted as to the true facts, both parties' evidence showing the entire bus was south of the center line of the street.

■ We think the mistake in instruction No. 1 in the instant case is so obviously clerical as to permit no possibility of error on the part of the ordinary reader. We are aware of the rule as urged by all of the defendants that when a trial court sustains a motion for a new trial an appellate court may be more liberal in upholding the court's action than it would in reversing a judgment on the same ground. Edie v. Carlin, Mo. App., 369 S.W.2d 610. However, as said in the case of Warren v. Kansas City, Mo., 258 S.W.2d 681, l.c. 683:

"* * * If in point of fact an instruction is not erroneous as to a matter of law or it is not fairly demonstrable upon the record that the instruction was misleading or may have otherwise deprived the losing party of a fair trial the rule is inapplicable. * * *"

We do not believe the instruction in question misled or confused the jury nor do we believe said instruction deprived the defendants of a fair trial. For the reasons given the judgment is reversed and the cause remanded with directions to reinstate the verdict and judgment in favor of the plaintiff.

WOLFE, P. J., and ANDERSON, J., concur.