Sharon BERRING and Nick Berring, Plaintiffs-Respondents,

v.

Karl JACOB, Jr., M.D., 621 South New Ballas, St. Louis, Missouri, Defendant-Appellant.

No. 40808.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 13, 1980.

Robert G. Burridge, Stuart M. Haw, Jr., St. Louis, for defendant-appellant.

James F. Koester, St. Louis, David G. Dempsey, Clayton, for plaintiffs-respondents.

SMITH, Presiding Judge.

Defendant appeals from the order of the trial court sustaining plaintiffs' motion for new trial in a medical malpractice case in which the jury returned a verdict in favor of defendant. We reverse.

Plaintiffs' claim was based upon the alleged negligence of the defendant doctor in failing to operate upon a diagnosed cerebral aneurysm in plaintiff Sharon Berring. The aneurysm subsequently ruptured causing serious permanent injuries to Mrs. Berring. There was substantial evidence from expert witnesses called by defendant that the doctor's action in waiting to operate was proper medical procedure and was not negligent. Plaintiffs presented no expert witnesses.

The trial court sustained the motion for new trial on the basis that:

"In giving Instruction Number 10, a not in M.A.I. Instruction which reads as follows:

'Readings from texts and published matter to which no witness agreed, are not evidence,'

the Court feels that it may have misled the jury into believing that it could not consider, in any respect, the contents of such publications, even though the witness may have acknowledged that such publications were authoritative, if the witness disagreed with the author."

During the trial plaintiffs utilized various medical texts and articles to cross-examine defendant and his medical witnesses. The witnesses were asked if they were familiar with the text or article and whether they regarded the writing as authoritative. Both positive and negative responses were given to both of these questions. Plaintiffs' attorney then read excerpts from these materials to the witnesses and inquired whether they agreed or disagreed with the statements made in the excerpts. This again elicited both affirmative and negative answers. The procedure followed was proper. *Gridley v. Johnson*, 476 S.W.2d 475 (Mo.1972) [3, 4]. The record is clear that certain of the material read was never accepted as a correct statement of proper medical procedure by any witness.

The law of Missouri is most positive that such material, while properly the subject of inquiry on cross-examination of a medical expert is not evidence to establish the truth of the statements made in the material unless agreed to by the witness, even if the witness acknowledges the authoritativeness of the author or publication. If the statements read are agreed to, they become evidence because the witness adopts them as his own. If they are not agreed to, they are hearsay. *MacDonald v. Metropolitan St. Ry. Co.*, 219 Mo. 468, 118 S.W. 78 (1909) l. c. 85–6; *Ellison v. Simmons*, 447 S.W.2d 66 (Mo.1969) [4]; *Edling v. Kansas*

*City Baseball & Exhibition Co.*, 181 Mo.App. 327, 168 S.W. 908 (1914) [7]. The instruction given to the jury was a correct statement of the law of Missouri. In their brief in this court the plaintiffs so concede.

Plaintiffs, however, contend that the court's ruling was discretionary and cannot be reviewed by this court in the absence of a showing of an abuse of discretion. We disagree. In *Warren v. Kansas City*, 258 S.W.2d 681 (Mo.1953) [1, 2], the Court stated the rule to be:

"If in point of fact an instruction is not erroneous as to a matter of law or it is not fairly demonstrable upon the record that the instruction was misleading or may have otherwise deprived the losing party of a fair trial the rule [that the ruling is discretionary] is inapplicable."

*See also Wims v. Bi-State Development Agency*, 484 S.W.2d 323 (Mo. banc 1972) [7, 8]; *McCormack v. St. Louis Public Service Company*, 337 S.W.2d 918 (Mo.1960) [2]; *Gachioch v. Wittmann*, 408 S.W.2d 175 (Mo. App.1966) [3]. Possibly *contra, Edie v. Carlin*, 369 S.W.2d 610 (Mo.App.1963) [1–3].

■ The instruction was not erroneous. Nor does the record establish any basis for concluding that it misled the jury or in some way deprived the plaintiffs of a fair trial. The instruction did not preclude the jury from considering that the witnesses disagreed with a medical text in assessing credibility. It simply precluded the jury from considering as evidence the material contained in the readings. The trial judge in finding that the instruction might have misled the jury based it upon the rationale that the jury would conclude it could not consider "the *contents* of such publications" (emphasis supplied) in any respect. That is just exactly what the jury could not do under the law and it was neither erroneous nor misleading to so advise them. *MacDonald v. Metropolitan Street Ry. Co., supra,* approved a similar instruction in like circumstances. If plaintiffs believed the jury should have been informed that the disagreement of the witnesses with the texts could be considered in assessing credibility they should have offered a clarifying or amplifying instruction. *Tietjens v. General Motors Corp.*, 418 S.W.2d 75 (Mo.1967) [9].

■ Nor was the instruction an improper withdrawal instruction as contended by plaintiffs. It withdrew nothing from the consideration of the jury. It was a cautionary instruction that certain material which had been read by plaintiffs' attorney was not evidence. It was explanatory of the fifth paragraph of M.A.I. 2.01 and was a proper subject matter for instruction. M.A.I. 2.01 Notes on Use. There was no unauthorized deviation from the requirements of M.A.I.

We need not rule on defendant's additional points.

The order granting a new trial is set aside and the cause remanded with directions to enter judgment in accordance with the jury verdict.

SATZ, J., and ALDEN A. STOCKARD, Special Judge, concur.