**Clyde J. POWERS, Appellant,**

v.

**Howard J. ELLFELDT, M.D.,
Respondent.**

**No. WD 39893.**

Missouri Court of Appeals,
Western District.

Jan. 31, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 1989.

Application to Transfer Denied
May 16, 1989.

Stephen Bradley Millin, Jr., Kansas City, for appellant.

Larry L. McMullen, Kansas City, for respondent.

Before SHANGLER, P.J., and CLARK and FENNER, JJ.

CLARK, Judge.

This is a medical negligence case in which plaintiff-appellant claimed damages on account of misdiagnosis and unskillful treatment performed by the defendant physician. A jury returned a verdict for the defendant and this appeal followed.

Seven points of asserted trial error are presented. The first four concern the qualifications and the selection of the trial jurors. Two points complain of instruction error and the final point argues that the brevity of jury deliberations demonstrated a lack of careful and conscientious consideration of the case by the jury. We address first the issue of whether defendant's erroneous converse instruction prejudiced plaintiff's case and therefore requires the grant of a new trial.

A few facts regarding the malpractice claim will suffice to place the instruction question in context. Plaintiff was a professional football player who was under contract with the Kansas City Chiefs during the 1978–1979 season. While he was participating in a practice session on July 16, 1979, he injured his left knee. Two days later, he was seen by defendant who was the consultant to the team on orthopedic medicine. Defendant diagnosed the injury as a strain and recommended seven to ten days rest. Plaintiff was released by defendant to return to practice July 23. On that date, plaintiff reinjured the knee and was disabled. In consequence of the condition as it then existed, defendant determined that surgery was required to repair the posterior cruciate ligament in plaintiff's knee. That surgery and the follow up treatment were concededly unsuccessful in relieving plaintiff's knee condition. The result was a permanent impairment in the range of motion of plaintiff's knee and his

inability thereafter to participate as a football player.

The theory of plaintiff's claim against defendant was that defendant was negligent, first by releasing plaintiff to resume football play when his knee had not healed, and second, by leaving a tourniquet in place too long during surgery and by failing to release a tight dressing applied after surgery. Plaintiff's verdict directing instruction read as follows:

## INSTRUCTION NO. 6

Your verdict must be for the plaintiff if you believe:

First, defendant either: advised plaintiff that plaintiff could return to football practice on July 23, 1979, when plaintiff's knee was not physically fit for return to practice, or

left a pneumatic tourniquet inflated on plaintiff's left leg for two hours and 29 minutes during the surgery performed on July 26, 1979, or

failed to release the pneumatic tourniquet on plaintiff's left leg before closing the surgical incision on July 26, 1979, or

failed to release a tight dressing following the surgery on July 26, 1979; and

Second, defendant in any one or more of the respects submitted in paragraph First, was thereby negligent; and

Third, such negligence directly caused or directly contributed to cause damage to plaintiff.

The only instruction offered by defendant and given by the court read as follows:

## INSTRUCTION NO. 8

Your verdict must be for the defendant Howard Ellfeldt, M.D. if you believe that the defendant used that degree of skill and learning ordinarily used under the same or similar circumstances by the members of defendant's profession.

The above quoted instruction immediately followed Instruction No. 7 which was

MAI 11.06, the definition of negligence by a physician or surgeon. Plaintiff contends the giving of Instruction No. 8, which essentially repeated the negligence definition instruction, was error because the instruction was an affirmative converse that did not submit any ultimate fact, belief of which would defeat plaintiff's claim.

Converse instructions under MAI are in the form of a general converse or an affirmative converse. A general or true converse instruction is characterized by use of the words "Unless you believe" followed by some or all of the propositions submitted in the plaintiff's verdict directing instruction. Necessarily, a true converse relates back to the plaintiff's verdict director and serves to emphasize the necessity for the jury to believe certain propositions upon which the plaintiff must sustain the burden of proof before a recovery may be awarded. The true converse instruction may or may not include a "tail" referring, for the proposition in question, to the plaintiff's verdict director. *See* MAI 33.03, Notes On Use 2.

The characteristics of an affirmative converse are use of the words, "If you believe," and the submission of a proposition which does not appear in the plaintiff's verdict directing instruction. The function of the affirmative converse is to permit the defendant to submit his theory of the case without being required to directly negative the plaintiff's theory. *See Williams v. Christian*, 520 S.W.2d 139, 145 (Mo.App. 1974). Because an affirmative converse introduces a different ultimate fact into the instructions, it does not conclude with a "tail" referring to the plaintiff's verdict directing instruction as does the true converse.

An affirmative converse instruction requires that the defendant submit a hypothesized ultimate issue which, if true, would defeat the plaintiff's claim. *Morse v. Johnson*, 594 S.W.2d 610, 614 (Mo. banc 1980); *Love v. Ben Hicks Chevrolet, Inc.*, 655 S.W.2d 574, 575 (Mo.App.1983). Because the defendant bears the burden of proof on the proposition submitted in the affirmative converse instruction, that in-

struction is appropriate for use only when the defendant has carried his burden to produce and relies on independent evidence supporting the facts submitted in the converse instruction. *Tierney v. Berg*, 679 S.W.2d 919, 921 (Mo.App.1984). It is error to submit by an affirmative converse instruction the same issue submitted in plaintiff's verdict director. *Stover v. Patrick*, 459 S.W.2d 393, 396 (Mo. banc 1970); *Weir v. Wilmes*, 688 S.W.2d 53, 55 (Mo.App. 1985).

The giving of Instruction No. 8 quoted above was error for several reasons. First, the instruction attempted to converse the plaintiff's submission of negligence, but it did not use substantially the same language used in plaintiff's verdict directing instruction. MAI 33.01, General Comment. Second, the use of the words, "If you believe" brands the instruction as an affirmative converse, but it fails to hypothesize any independent evidence produced by defendant, proof of which would defeat plaintiff's claim. Finally, the instruction violated the rule that an affirmative converse may not be employed to converse a proposition submitted in the plaintiff's verdict directing instruction. *Stover v. Patrick, supra*. Defendant's instruction did no more than converse the issue of negligence, albeit in the language of the definition instruction.

For the reasons stated, it cannot be questioned that defendant's Instruction No. 8 was an impermissible deviation from and was in fact in direct violation of the mandates of MAI relative to converse instructions. That conclusion then leads to consideration, under Rule 70.02(c), of whether the violation was prejudicial and whether such prejudice materially affected the merits of the action. Rule 84.13(b). We conclude that the error was prejudicial and that it materially affected the outcome of the case.

Until 1984, the Missouri Supreme Court uniformly held that deviation from MAI was not only error, but it was presumptively prejudicial error. *Means v. Sears, Roebuck & Co*, 550 S.W.2d 780, 786 (Mo. banc

1977), and cases there cited. Moreover, the supreme court also held that in a case where there was a deviation from the "straight and narrow" path of MAI, the burden of establishing non-prejudice was on the proponent of the instruction. *Murphy v. Land*, 420 S.W.2d 505, 507 (Mo. 1967); *Brown v. St. Louis Public Service Co.*, 421 S.W.2d 255, 259 (Mo. banc 1967). The presumption of prejudicial error prevailed unless it were made "perfectly clear" that no prejudice resulted. *Higgins v. Gosney*, 435 S.W.2d 653, 660 (Mo.1968).

The previous rule presuming error in cases where the jury instructions deviate from MAI was noted in *Hudson v. Carr*, 668 S.W.2d 68 (Mo. banc 1984), and in *Fowler v. Park Corp.*, 673 S.W.2d 749, 755–57 (Mo banc 1984), but with emphasis both on the duty of counsel to object during trial to an erroneous instruction and the obligation of the court to determine whether prejudice resulted. Neither *Hudson* nor *Fowler* refers to a presumption of prejudice, although each discusses the issue, and neither opinion indicates which party in the case bears the burden, either to demonstrate prejudice or a lack of prejudice. Neither opinion refers to the prior cases of *Means v. Sears, Roebuck & Co., supra, Murphy v. Land, supra*, or *Brown v. St. Louis Public Service Co., supra*. It is therefore assumed that *Means, Murphy* and *Brown* remain viable statements of the law as respects erroneous instructions.

This assumption is validated by the opinion in *Goff v. St. Luke's Hospital of Kansas City*, 753 S.W.2d 557 (Mo. banc 1988), which cites *Brown* but distinguishes that case on the ground that *Brown* is inapplicable to cases where the instruction errors are "typos or inadvertent variances" consisting of an omitted conjunction and the substitution of a period for a comma.[1]

■ Upon a review of all the decisions of the Missouri Supreme Court cited above, and the additional case of *Cornell v. Texaco, Inc.*, 712 S.W.2d 680, 682 (Mo. banc

1986), we conclude that the following principles apply to appellate review in a case of instruction error resulting from a deviation from MAI format: (a) Where the dictates of MAI prescribe a particular form of instruction, the giving of an instruction contrary to that requirement constitutes error which is presumed to be prejudicial, (b) The burden is on the party who offered the erroneous instruction to demonstrate on appeal that the erroneous instruction created no substantial potential for a prejudicial effect, (c) It is the province of the court to determine whether the erroneous instruction caused a prejudicial effect, and (d) No judgment is to be reversed on account of instruction error unless the error materially affected the merits of the case.

Returning now to the present case and to defendant's converse instruction, the issue is whether it can be said with confidence that the instruction did not create substantial potential for prejudice which materially affected the outcome of the case. Plaintiff contends there was manifest prejudice because the instruction does not refer the jury to any act or omission of the defendant in his treatment of plaintiff, but permits the jury to return a verdict for the defendant if it agrees with the abstract proposition that defendant conforms to a standard of skill and learning generally in the practice of his profession.

This type of instruction has been repeatedly condemned as prejudicial because it submits a legal question in an abstract way giving the jury a roving commission to return a verdict without being limited to any issues of fact or law developed in the case. *Gillioz v. State Highway Comm'n*, 348 Mo. 211, 225, 153 S.W.2d 18, 26 (1941). In *Rea v. Feeback*, 244 S.W.2d 1017, 1019 (Mo. 1952), the court found an instruction prejudicial in a suit brought by the husband to recover on account of personal injuries sustained by his wife. The defendant's instruction advised the jury that if

---

1. We recognize that the dissenting opinion in *Goff* assumes the tenor of *Hudson* and *Fowler*, as well as *Goff*, to be to overrule *Brown*. The opinions, however, do not so state nor has there been any expression by the supreme court in

any of these cases rejecting the doctrine that the burden to demonstrate an absence of prejudice from an erroneous instruction is upon the party who offered the instruction.

the wife could not recover, then the verdict should be for the defendant on the husband's claim. The instruction was prejudicial because it presented a legal question abstractly submitted without limit or qualification as to any issue of fact in the case. *See* also *Paisley v. Kansas City Public Service Co.*, 351 Mo. 468, 476–477, 173 S.W. 2d 33, 38 (1943).

Defendant presents two arguments in support of his claim that Instruction No. 8 did not mislead or confuse the jury. He first notes that plaintiff made no objection at trial when the instruction was given. To preserve a complaint of error in an instruction, it is necessary to make a specific objection during trial followed by a general statement in the motion for new trial or, if no specific objection is raised during trial, the error is preserved for appellate review if the specific complaint is set forth in the motion for a new trial. Rules 70.03, 78.07.

▮▮▮ In the case of a deviation in an instruction from the applicable MAI, the offended party is entitled to relief, despite a failure to object during trial, if prejudice is established and if the alleged error is otherwise preserved. *Goff v. St. Luke's Hospital of Kansas City*, 753 S.W.2d at 565. In the present case, the complaint regarding Instruction No. 8 was specifically described in plaintiff's motion for new trial. The failure of counsel to object during trial is merely a factor to consider in assessing the prejudice created by the erroneous instruction. That factor is not sufficient to overcome the prejudice inherent in an instruction such as this which submits only an abstract proposition to the jury as a determinate for reaching a verdict.

The other argument made by defendant contends that the abstract proposition framed by Instruction No. 8 places a greater burden on defendant in that it requires a finding that in all of his practice, defendant was a skillful and learned physician and surgeon. For this reason, defendant argues that there could be no prejudice to plaintiff.

The latter contention merely serves to point out the fault in the instruction, that is, the generalized nature of its direction for the jury to evaluate defendant's competence without reference to plaintiff's claim for negligence in defendant's treatment rendered to him. It was the task of the jury here to pass judgment specifically on the competence of defendant's performance in the treatment rendered to plaintiff. Whether defendant was generally qualified as a skillful and learned physician was no ground upon which the jury was entitled to return a defendant's verdict.

In sum, we conclude that defendant has not shown the admittedly erroneous instruction to have created no substantial potential for prejudice. To the contrary, the instruction materially and significantly prejudiced plaintiff's case because it gave the jury a basis to return a defendant's verdict if the jury found defendant to be a skillful physician irrespective of the treatment rendered plaintiff. This error can be corrected only by the grant of a new trial.

The disposition of the case based on the error in Instruction No. 8 makes unnecessary a discussion of plaintiff's points of error associated with jury selection and jury deliberation. Those matters are unlikely to recur. Plaintiff's complaint about another instruction related to authoritative texts and medical journals, however, does present an issue which may arise again and it is therefore appropriate for consideration.

▮▮▮ Plaintiff contends it was error for the court to have given Instruction No. 10 which read:

Reading from texts and published matter to which no witness agreed, are [sic] not evidence.

Plaintiff's point of error arises in the following context. Throughout the trial, plaintiff and defendant used various works of medical literature in the examination and cross-examination of defendant and defendant's expert witness. Certain texts produced at trial by plaintiff were acknowledged by defendant to be standard and authoritative, but as to excerpts which were read to the witness by plaintiff's counsel, the witness disagreed with the material quoted. Plaintiff contends Instruc-

tion 10 was erroneous because it denied the jury the opportunity to consider material from the authoritative texts in determining whether defendant's treatment of plaintiff conformed to an accepted standard of medical care.

In *Gridley v. Johnson,* 476 S.W.2d 475 (Mo.1972), the court restated the principles accepted in Missouri for cross-examining medical experts through use of medical literature. Preliminarily, it is necessary for the examiner to qualify the text as authoritative either by admission from the witness to be cross-examined or by voir dire examination of the examiner's own expert. Once qualified as authoritative, the text may then be used to cross-examine the expert and thereby test or challenge his credibility and the reliability of his opinion as an expert. Authoritative texts, however, are not of themselves direct and independent evidence. *Hemminghaus v. Ferguson,* 358 Mo. 476, 490, 215 S.W.2d 481, 489 (1948), *overruled on other grounds, State ex rel. McNutt v. Keet,* 432 S.W.2d 597, 601–02 (Mo. banc 1968); *Langley v. Michael,* 710 S.W.2d 373, 377 (Mo.App. 1986).

In the present case, plaintiff sought to qualify a number of medical texts and journal articles as authoritative by submitting them to defendant in advance of trial and asking whether he accepted them as standard and authoritative. Defendant responded affirmatively as to three which were used at trial by plaintiff to cross-examine defendant and defendant's expert. In some instances, the witnesses agreed with the material in the texts and in some cases they did not. As we understand plaintiff's contention here, he claims Instruction No. 10 effectively withdrew from the jury's consideration the text materials with which no witness expressed agreement, thereby depriving plaintiff of the benefits from his cross-examination.

Instruction No. 10 is not drawn from MAI. It was, however, approved in *Berring v. Jacob,* 595 S.W.2d 412 (Mo.App. 1980), in substantially the identical form used here. There, the court stated that material from authoritative texts used in cross-examination of a witness is not evidence to establish the truth of the statement made in the material unless it is agreed to by the witness. *Berring,* 595 S.W.2d at 413. It was from this premise that the instruction was approved. To that extent, we agree, but do not believe the instruction warrants the blanket approval which the opinion in *Berring* conveys.

It is true that material from authoritative texts never rises to the level of independent evidence proving the fact asserted in the text. Even where the expert witness agrees with the text, the statement in issue constitutes proof of the fact only because the expert witness adopts the statement as his own. In this context, Instruction No. 10 was accurate to inform the jury that material from authoritative works did not constitute evidence.

In a broader sense, however, the material from publications which have been proved authoritative is evidence the jury should consider in passing on the credibility of the expert witnesses. Even though the expert witness disagrees with the authoritative text and therefore the content of the text is not evidence to prove the facts there stated, the fact that an authoritative text writer has expressed an opinion or stated a fact with which the expert witness disagrees is appropriate for the jury to consider in deciding whether to give credence to the expert witness's opinion.

Instruction No. 10 is overbroad in withdrawing from the jury any consideration of evidence presented in cross-examining expert witnesses by use of authoritative texts. To this extent, we disagree with *Berring* and decline to follow it. An instruction on the subject, if desired, should be modified in appropriate language informing the jury that readings from texts with which no witness agrees are not to be considered as evidence proving the facts stated in the texts, but may be considered as bearing on the credibility of the expert witness interrogated as to that text.

The additional points raised by plaintiff in this appeal relate to circumstances peculiar to the prior trial and are unlikely to

recur. We therefore do not discuss those points.

The judgment is reversed and the case is remanded for a new trial.

All concur.