**Marcellas HILL, et al., Respondent,**

**v.**

**Richard HYDE, et al., Appellants.**

**No. WD 56651.**

Missouri Court of Appeals,
Western District.

Submitted Oct. 14, 1999.

Decided March 28, 2000.

Robert R. Barton (Argued), Westwood, Michael L. Barrera, joins for Appellants Hyde, et al.

Aldo P. Caller (Argued), Kansas City, Robert P. Numrich, joins for Respondents Hill, et al.

Before JAMES M. SMART, Jr., P.J., JOSEPH M. ELLIS and EDWIN H. SMITH, JJ.

JAMES M. SMART, Jr., Judge.

Defendants Richard Hyde and Bowen Construction Company appeal the trial court ruling granting Plaintiff Hill a new trial on grounds of instructional error. The appellants contend that the instruction in question did not misstate the law and could not have caused any prejudice. They contend that the court erred in granting a new trial. Appellants also contend that the trial court erred in failing to grant the defendants a directed verdict because, appellants contend, the plaintiff did not make a submissible case. Finding that the trial court erred in granting a new trial on the basis of instructional error, we reverse the grant of a new trial and remand to the trial court for entry of judgment on the jury's verdict.

### Factual Background

On September 17, 1996, twelve-year-old Marcellas Hill was injured at the intersection of Jackson Avenue and Truman Road while riding his bicycle. Hill could not remember how the accident occurred. Various versions of what happened were offered by different witnesses. According to Defendant Hyde, an employee of Defendant Bowen Construction Company, Hill ran into the trailer which Hyde was pulling behind his 26-foot truck. According to some of the testimony offered in behalf of Hill, Hill was waiting on the sidewalk with his bicycle near the curb when the truck and trailer went up on the curb and struck him.

At the instruction conference, the 1998 version of MAI-3.01 (burden of proof) was offered by plaintiff. Somehow, the court inadvertently substituted the 1986 version of MAI-3.01, which had been superceded. The 1986 version was read to the jury, and then provided to the jury. The 1986 version states, in pertinent part:

> The burden of causing you to believe a proposition of fact is upon the party who relies upon that proposition.... If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of that proposition.

The 1998 version states, in pertinent part:

> The burden is upon the party who relies upon any such proposition to cause you

to believe that such proposition is more likely to be true than not true.... If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of that proposition.

After the case was submitted, but before the jury returned with a verdict, counsel noticed that the burden of proof instruction provided the jury was not the right one. After the instruction was discovered, counsel and the court had a discussion off the record. There is no indication in the record that counsel asked for any relief at that time. The jury later returned with a verdict for defendants. Hill moved for a new trial, citing instructional error. The trial court granted a new trial for plaintiffs on the basis of instructional error. Defendants appeal.

## Standard of Review

■■■ Where MAI prescribes a specific instruction, that instruction is mandatory. *Hein v. Oriental Gardens, Inc.,* 988 S.W.2d 632, 634 (Mo.App.1999). Failure to give an MAI instruction creates a rebuttable presumption of prejudice. *Means v. Sears, Roebuck & Co.,* 550 S.W.2d 780, 786 (Mo. banc 1977). However, no judgment is to be reversed on account of instructional error unless the error materially affected the merits of the case. *Powers v. Ellfeldt,* 768 S.W.2d 142, 146 (Mo.App.1989). The burden of showing there was no prejudice generally falls to the party who offered the instruction. *Id.* Where neither party offered the instruction, and the wrong instruction was inadvertently given by the court, the burden on the issue of prejudice still must rest with the appellant where a new trial has been granted. In such instance, the appellant must show either that the instruction given was not erroneous, or that the instruction created no substantial potential for prejudicial effect. *Lashmet v. McQueary,* 954 S.W.2d 546, 549 (Mo.App. 1997). Our review of the trial court ruling is *de novo,* and the appellate courts need

not defer to the trial court in the determination of prejudice. *Id.* at 549.

We start, therefore, with the presumption of prejudice. The appellants attack the presumption by pointing out that there is no authority for the proposition that the new instruction is more accurate or that the Supreme Court perceived a problem with the old instruction. The appellants argue that it is obvious that the change in the instruction came about because of the need to differentiate the respective standards of proof as to compensatory awards and punitive damages after the Missouri Supreme Court's decision in *Rodriguez v. Suzuki Motor Corp.,* 936 S.W.2d 104 (Mo. banc 1996). MAI–3.01 was changed relatively soon after the court in *Rodriguez* held that punitive damage claims must meet a "clear and convincing" standard of proof. *See Rodriguez,* 936 S.W.2d at 111. The court modified the instruction, appellants say, to distinguish the ordinary standard of the preponderance of the evidence from the clear and convincing standard. The appellants say that the court never held that the former 3.01 was inadequate or defective in any way in a compensatory damages case. Appellants argue that there is no reason to believe that the former 3.01 was in any way inadequate in a case involving only a compensatory damage claim. Appellants argue that, under these circumstances, there should be no presumption of prejudice. They also argue that, presumption or not, there was no prejudice because the burden of proof was explained to the jury in voir dire and in closing argument.

Finally, appellants argue that, in any event, any claim of error as to the instruction was waived because even though plaintiff's counsel recognized the instructional error, he made no attempt to have it corrected while the trial court could still have taken corrective action.

■■■ We turn first to the issue of waiver. The record shows that the instructions were read to the jury immediately before closing arguments. Neither side objected

to any of the instructions. The record reflects that the jury did not return with its verdict for over an hour past the time the mistake was discovered. The only reference in the record to the mistake was the following:

MR. BARRERA: Bob, we need to go over – because I think we just noticed this. Judge, I'm not sure if 3.01 was the proper one. There is – there's a new 3.01. I think we gave them the old 3.01.

MR. CALLER: I don't know how it got there.

MR. BARRERA: We gave you a new one. I hope I'm wrong. If you look at the –

THE COURT: We're off.

(there was discussion off the record)

■ There is no indication that, at any time prior to the verdict, Hill asked for any relief from the trial court. Although the error was not counsel's, counsel still had the choice of acquiescing in the error, or requesting relief before the jury reached a verdict. It has been said that "a trial court may correct an erroneous instruction any time before [the] verdict." *Buckallew v. McGoldrick,* 908 S.W.2d 704, 709 (Mo.App.1995) (quoting *Kasper v. Helfrich,* 421 S.W.2d 66, 71 (Mo.App. 1967)). A trial court has inherent power to take corrective action before the verdict is recorded and made part of the judgment. *Blackman v. Botsch,* 281 S.W.2d 532, 535 (Mo.App.1955); *Vancil v. Carpenter,* 935 S.W.2d 42 (Mo.App.1996).

■ Here, although there would have been an opportunity to correct the instructional error before the jury was discharged, if Hill had requested that the jury be re-instructed, the trial court was not required to reject the motion for new

trial on the basis of waiver. A trial court has discretionary power to grant a new trial because of an erroneous trial ruling, whether or not an objection was timely made. *Steward v. Goetz,* 945 S.W.2d 520, 528 (Mo.App.1997). Also, the trial court had the discretion to grant a new trial to avoid a manifest injustice or miscarriage of justice. Rule 78.08. Therefore, we disagree with appellants that the trial court erred in failing to treat the objection as waived. However, we do note that the failure of plaintiff to request that the jury be re-instructed suggests that plaintiff did not at that time consider the erroneous instruction as creating a substantial risk of prejudice. *See Hudson v. Carr,* 668 S.W.2d 68, 71–72 (Mo. banc 1984).

■ Also, even though the wrong instruction was given, we agree with appellants that the instruction did not misstate the law. Moreover, our own review of the record fails to demonstrate that the error in the burden of proof instruction was prejudicial to Plaintiff Hill. We note that the jury was told both in voir dire and closing argument that the plaintiff had the burden of causing the jury to believe that a proposition was more likely true than not true. We see no indication that the jury was confused or misunderstood plaintiff's burden of proof. Because the instruction, though erroneous, did not misstate the law, and because plaintiff did not consider the error sufficiently prejudicial at the time of discovery to request that the jury be re-instructed, and because the case was argued at all times as though the proper instruction had in fact been given, and because the variance in the wording was very minor,[1] we conclude that the presumption of prejudice has been overcome by the appellants.

1. Respondent suggests that the wording in the former 3.01 would have suggested to the jury that they had to "completely believe" plaintiff's evidence before they could find for plaintiff. We disagree. The instruction said merely that the jury had to believe plaintiff's

evidence (which essentially means that it was more likely true than not true), and the jury clearly understood the differences between the burden of proof in a criminal case and that in a civil case.

## Conclusion

The trial court order awarding a new trial to plaintiff is reversed. Because we hold that the trial court erred in granting a new trial to plaintiff, we need not address appellants' contention that the court erred in failing to grant defendant's motion for directed verdict. The case is remanded to the circuit court for entry of judgment on the jury's verdict.

ELLIS and EDWIN H. SMITH, JJ., concur.